UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

HADIYA YASMINE WILLIAMS,

                      Plaintiff,                            20-CV-00586 (GBD)(SN)

        -against-                                   **OPINION & ORDER**

ANDREW M. SAUL,

                      Defendant.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

      On January 22, 2020, the plaintiff filed this action pursuant to 42 U.S.C. § 405(g), seeking review of a denial of social security benefits. On January 5, 2021, upon stipulation of the parties, The Honorable George B. Daniels remanded the case for further proceedings. On May 11, 2021, the Court approved a stipulation and agreement awarding the plaintiff $7,304.60 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A portion of this award was withheld by the Department of the Treasury, resulting in an actual payment of $3,438.38.

      Following the remand, the plaintiff received two awards of retroactive benefits from the Social Security Administration. Thereafter, on June 14, 2022, and August 24, 2022, plaintiff's counsel filed motions for the award of attorney's fees pursuant to 42 U.S.C. § 406(b). Section 406(b) permits the Court to approve "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the plaintiff. Gisbrecht v. Barnhart, 535 U.S. 789, 795 (2002) (quoting 42 U.S.C. §406(b)(1)(A)). Because of the Commissioner's unique role and expertise in this area, the Court ordered the Commissioner to respond to the plaintiff's motion. And on

September 26, 2022, the Commissioner filed a letter indicating that they did not object to either of plaintiff's counsel's motions for § 406(b) fees, but that because the plaintiff's second award had not been considered in calculating the first, both the first award and the accompanying attorney's fees should be reduced accordingly. Plaintiff was ordered to respond with their objections, if any, and on September 30, 2022, filed a letter indicating that they had none.

    Having reviewed the June 14, 2022 and August 24, 2022, motions, along with all supporting documents, the Court determines that the requested award is reasonable and ORDERS that attorney's fees be granted in the amount of $26,383.28, which represents 25% of the past due benefits awarded to the plaintiff. Upon receipt of this sum, counsel for the plaintiff is directed to refund directly to the plaintiff the previously awarded EAJA fees of $3,438.38.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   October 3, 2022
              New York, New York